UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARNELL PITTMAN, SR.,            :
                                 :CIVIL ACTION NO. 3:13-CV-1473
          Petitioner,            :
                                 :(JUDGE CONABOY)
          v.                     :(Magistrate Judge Mehalchick)
                                 :
J.E. THOMAS, Warden,             :
                                 :
          Respondent.            :
                                 :

_____

**MEMORANDUM**

Pending before the Court is Magistrate Judge Karoline
Mehalchick's Report and Recommendation (Doc. 25) concerning
Petitioner Darnell Pittman's 28 U.S.C. § 2241 petition for writ of
habeas corpus in which he claims his constitutional rights were
violated during the course of prison disciplinary proceedings (Doc.
1).  Magistrate Judge Mehalchick recommends the Petition be denied
and dismissed with prejudice because Petitioner did not exhaust his
administrative remedies and his claims are barred by procedural
default.  (Doc. 25 at 5.)  Petitioner filed objections to the
Report and Recommendation on December 16, 2014 (Doc. 28), after
receiving an extension of time within which to do so (Doc. 27).
For the reasons discussed below, we adopt the Report and
Recommendation, deny the Petition, and dismiss this action.

**I. Background**

Petitioner does not object to the Background set out in the
Report and Recommendation (Doc. 25 at 1-3).  Therefore, we repeat

that recitation here.

On January 11, 2013, Pittman received
Incident Report No. 2395917, charging him
with threatening bodily harm to his cellmate
and to prison staff.  (Doc. 10-2, at 32-34).
On February 2, 2013, Pittman received a
disciplinary hearing on these charges.  (Doc.
10-2, at 40-49).  The disciplinary hearing
officer ("DHO") found that Pittman committed
the charged offense and imposed disciplinary
sanctions, including the disallowance of 27
days of good conduct time.  (Doc. 10-2, at
43; Doc. 10-2, at 48).  The DHO completed and
signed his written report on March 4, 2013.
(Doc. 10-2, at 49).  The signature of another
prison staff member indicates that it was
delivered to Pittman that same day, on March
4, 2013.  (Doc. 10-2, at 49).

Pittman, however, claims that the DHO
report was not delivered to him on March 4,
2013.  The record reflects his filing of
several administrative grievances,
complaining that he had not received the DHO
report and requesting that it be provided to
him so he could appeal it.  (*E.g.*, Doc. 10-2,
at 26-27).  Pittman claims that he did not
receive a copy of the DHO report until April
11, 2013.  (*See* Doc. 1, at 22).

Pittman then submitted an appeal from
the DHO report, which was received by the BOP
regional office on April 22, 2013.  (Doc. 1
at 28; *see also* Doc. 1, at 26; Doc. 1, at 27;
Doc. 10-2, at 21).  For reasons that are
unclear,[1] the regional office logged it as an

---

[1] The document plainly states: "Appeal relevant to [Incident
Report No.] 2395917, I appeal on the following grounds: (1) I did
not commit an act of threatening another with bodily harm; (2) I
was denied the right to call witnesses on my behalf; (3) I was
denied the right to present documentary evidence ('camera
footage'); (4) DHO was not impartial; and (5) I was denied a staff
rep's assistance.  'RELIEF:' I request [the incident report] be
expunged and good time credits restored - - along with privilleges
[sic]."  (Doc. 1, at 28).

2

appeal from one of the Pittman's facility-
level grievances regarding the delay in
receiving of the DHO report, marking it as
Remedy ID No. 730676-R1.  (*See* Doc. 1, at 28;
Doc. 1, at 27; Doc. 10-2, at 21).  This
appeal was rejected on the ground that
Pittman's facility-level grievance regarding
the delay was still pending before the
facility warden.[2]  (Doc. 1, at 27; Doc. 10-2,
at 21).

Pittman resubmitted his appeal, which
was received by the regional office on May 8,
2013.  (Doc. 1, at 28; *see also* Doc. 1, at
26; Doc. 10-2, at 21).  On resubmission, the
regional office logged the document correctly
as an appeal from the DHO report, this time
marking it as Remedy ID No. 733679-R1.  (Doc.
1, at 28; Doc. 1, at 26; Doc. 10-2, at 21).
On May 9, 2013, Pittman's appeal from the DHO
report was rejected as untimely.  (Doc. 1, at
26; Doc. 10-2, at 23).  The rejection notice
expressly acknowledged that the appeal had
been first received on April 22, 2013, but
found it to be untimely because it had been
submitted approximately one month after the
deadline for appeal had expired.  (Doc. 1, at
26; Doc. 10-2, at 23).

Pittman did not appeal the regional
office's decision to the BOP central office
level, as is required for a federal inmate to
exhaust administrative remedies.  *See* 28
C.F.R. § 542.15(a).

On May 27, 2013, Pittman submitted the
instant § 2241 petition to the Court for
filing, alleging that he was denied the
minimum procedural due process rights
afforded to inmates in prison disciplinary
proceedings.  (Doc. 1).  *See generally Wolff
v. McDonnell, 418 U.S. 539 (1974).*  On August

---

[2] That grievance, Remedy ID No. 730676-F1, complaining about
the delay in delivery of the DHO report to Pittman, was filed at
the facility level on April 17, 2013, and denied by the Warden on
April 26, 2013.  (Doc. 10-2, at 21).

> 2, 2013, the Respondent answered the
> petition, contending that Pittman failed to
> exhaust his available administrative remedies
> prior to filing his petition, that relief on
> these claims is barred due to his procedural
> default, and that Pittman's claims are
> meritless in any event.  (Doc. 10).  On
> August 29, 2013, the Court received and filed
> Pittman's brief in reply to the Respondent's
> answer.  (Doc. 17).

(Doc. 25 at 1-3.)

## II. Discussion

### A. Standard of Review

When a magistrate judge makes a finding or ruling on a motion or issue, his determination should become that of the court unless objections are filed.  *See Thomas v. Arn*, 474 U.S. 140, 150-53 (1985).  When no objections are filed, the district court is required only to review the record for "clear error" prior to accepting a magistrate judge's recommendation.  *See Cruz v. Chater*, 990 F. Supp. 375, 378 (M.D. Pa. 1998).  When objections are filed, the district judge makes a *de novo* review of those portions of the report or specified proposed findings or recommendations to which objection is made.  *See Cippolone v. Liggett Group, Inc.*, 822 F.2d 335, 340 (3d Cir. 1987), *cert. denied*, 484 U.S. 976 (1987).  The *de novo* standard applies only to objections which are both timely and specific.  *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). Although the review is *de novo*, the court may rely on the magistrate judge's recommendations to the extent it deems proper.

4

*See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980); *Goney*, 749 F. 2d at 7.  The court may accept, reject, or modify, in whole or in part, the findings made by the magistrate judge.  28 U.S.C. § 636(b)(1).

**B.   *Petitioner's Objections***

Petitioner specifically objects to the Magistrate Judge's statement that appeal to the BOP Central Office level is required for exhaustion of administrative remedies (Doc. 28 at 5), and her finding that Petitioner's failure to satisfy the procedural rules of the BOP's administrative remedy program constitutes a procedural default (*id.* at 9).  We conclude these objections are without merit.

Magistrate Judge Mehalchick set out the appropriate general legal framework within which we consider the exhaustion issue.

> "Federal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas *corpus pursuant to § 2241." Moscato v. Fed. Bureau of Prisons,* 98 F.3d 757, 760 (3d Cir. 1996).  Exhaustion is required because:
>
> > (1) allowing the appropriate agency to develop a factual record and apply it expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

*Moscato,* 98 F.3d at 761-62.[3]

> Proper exhaustion requires that "a prisoner
> must complete the administrative review
> process in accordance with the applicable
> procedural rules, including deadlines, as a
> precondition to bringing suit in federal
> court." *Woodford v. Ngo*, 548 U.S. 81, 84
> (2006).

> Under the BOP's administrative remedy
> program, the first level appeal from a DHO
> decision is an appeal to the Regional
> Director. 28 C.F.R. § 542.14(d)(2); *see also*
> 28 C.F.R. § 541.8(I). An inmate may appeal a
> DHO report by submitting the appropriate form
> to the Regional Director within twenty
> calender days from the date when the DHO
> report was signed. *See* 28 C.F.R. §
> 542.15(a); *see also* 28 C.F.R. § 542.14(d)(2).
> An inmate who is not satisfied with the
> Regional Director's response may further
> appeal by submitting the appropriate form to
> the General Counsel at BOP's central office
> within thirty calendar days from the date
> when the Regional Director signed the
> response. 28 C.F.R. § 542.15(a). This appeal
> to the General Counsel is the final step in
> the administrative appeals process for
> disciplinary decisions. *See* 28 C.F.R. §
> 542.15(a) ("Appeal to the General Counsel is
> the final administrative appeal.").

(Doc. 25 at 3-4.)

At issue here is Petitioner's failure to comply with the final

step of the exhaustion procedure: an appeal of the Regional

Director's response to the BOP's General Counsel. 28 C.F.R. §§

542.15, 542.16. Section 542.15(a) states in relevant part: "An

---

[3] Citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir.
1981) (*per curiam*); *Schlesinger v. Councilman*, 420 U.S. 738, 756-57
(1975).

inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form . . . to the General Counsel within 30 calendar days of the date the Regional Director signed the response."

Petitioner does not dispute the fact that he did not appeal the Regional Director's decision finding his appeal untimely to the Office of the General Counsel. (*See* Doc. 25 at 4; Doc. 28 at 4.) Although Petitioner tries to spin his failure to file an appeal to the General Counsel as an acceptable choice in the circumstances of this case (Doc. 28 at 5-14), we reject this attempt.

With his first objection regarding the interpretation of  28 C.F.R. § 542.15(a), Petitioner argues that he was not required to file an appeal to the Office of the General Counsel because the pertinent statutory language is discretionary rather than mandatory.  (Doc. 28 at 5.)  He provides no relevant legal authority to support this proposition.  As noted above, pursuant to 28 C.F.R. §§ 542.15(a) and 542.16, the final step of the administrative remedy process is to file an appeal with the Office of General Counsel.  The use of the word "may" in § 542.15(a) provides discretion to the inmate as to whether he wishes to proceed with his appeal; the word does not change the requirements for administrative exhaustion.

Petitioner's second objection relating to Magistrate Judge Mehalchick's conclusion that Petitioner has procedurally defaulted

7

his claim is also without merit.  Though not completely clear, he appears to argue that his claim is not procedurally defaulted (and his case should be decided on the merits) because he has demonstrated that exhaustion in this case would be futile.  (Doc. 28 at 14.)  He cites the following in support of his assertion that he has shown futility: "(1) [Exhaustion] is not a statutory requirement attachment to § 2241; (2) Such an appeal to the General Counsel under established BOP policy is not mandatory; (3) Such appeal to General Counsel was not for the purpose of reviewing the due process issue in Petitioner's appeal, but instead, to address 'untimeliness.'"  (Doc. 28 at 14.)  Having discounted the second basis, we now address the remaining two.

Petitioner is correct that exhaustion is not a statutory requirement under 28 U.S.C. § 2241 (Doc. 28 at 13-14).  Although there is no statutory requirement, our Court of Appeals has consistently applied an exhaustion requirement to claims brought under § 2241.  *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986); *Arias v. United States Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981)).  The administrative exhaustion requirement generally imposed when a prisoner seeks relief under § 2241 "may be excused if an attempt to obtain relief would be futile or where the purposes of exhaustion would not be served." *Cerverizzo v. Yost*, 380 F. App'x 115, 116 (3d Cir. 2010) (citing *Woodall v. Fed. Bureau*

*of Prisons*, 432 F.3d 235, 239 n.2 (3d Cir. 2005); *Schandelmeier*, 819 F.2d at 53); *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998) (Roth, J., concurring)).

Here Petitioner presents no adequate basis to excuse the exhaustion requirement.  His assertion that he has demonstrated the futility of exhaustion because the appeal addressed only untimeliness (Doc. 28 at 14) is without merit.

With respect to an inmate's failure to prosecute claims raised in a § 2241 petition through the process prescribed in prison regulations

> it is well settled that: "Courts in the Middle District of Pennsylvania have consistently held that exhaustion of administrative remedies is not rendered futile because a prisoner anticipates he will be unsuccessful in his administrative appeals . . . ." *Ross v. Martinez*, No. 09-1770, 2009 WL 4573686, 3 (M.D. Pa. Dec. 1, 2009).  Quite the contrary, rigorously applying these exhaustion requirements, courts have consistently rejected habeas petitions challenging prison disciplinary decisions where the inmate-petitioners have failed to fully and properly exhaust their administrative remedies.  *See*, *e.g.*, *Johnson v. Williamson*, 350 F. App'x 786 (3d Cir. 2009); *Pinet v. Holt*, 316 F. App'x 169 (3d Cir. 2009); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757 (3d Cir. 1996).

*Howell v. Castaneda*, Civil No. 1:12-CV-2341, 2014 WL 5795604, at *3 (M.D. Pa. Nov. 6, 2014).

Within this legal framework, Petitioner has not shown futility.  His anticipation that further appeal of the Regional

9

Director's decision to the General Counsel would not have resulted in a review of the substance of his claimed due process violations (Doc. 28 at 11-12) is inadequate to demonstrate futility.

Nor has Petitioner shown that exhaustion should be excused because the purposes of exhaustion would not be served by enforcing the regulatory requirements.  Petitioner has not specifically addressed the reasons for exhaustion cited above.  *See supra* p.5.  Furthermore, we find that several considerations associated with the purposes of the exhaustion requirement are of particular note here: the importance of avoiding duplicative proceedings and that judicial review will be informed and narrowed*, Schlesinger v. Councilman*, 420 U.S. 738, 756-57 (1975); and the recognition that "frequent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures," *McKart v. United States*, 395 U.S. 185, 195 (1969).  Strict adherence to the exhaustion of administrative remedies is of particular significance in Petitioner's case given his filing history: this is at least the sixth habeas case he has filed in the United States District Court for the Middle District of Pennsylvania since 2009[4]; and he has filed at least 209 administrative remedies (*see* Doc. 10 at 14).  Petitioner is certainly well aware of the BOP's exhaustion requirements, he also

---

[4]  Civil Action Numbers 3:09-CV-1170, 3:09-CV-2215, 3:10-CV-645, 3:10-CV-748, and 3:10-CV-788.

10

should be aware of the resources expended in addressing his numerous filings--the interests of administrative and judicial efficiency demand that he rigorously be held accountable for compliance with all relevant rules, regulations and statutory provisions.

Finally, we agree with Magistrate Judge Mehalchick that Petitioner's failure to satisfy the procedural rules of the BOP's administrative remedy program and his inability to complete the administrative process constitutes a procedural default.  (Doc. 25 at 4 (citing 28 C.F.R. § 542.15(a); *Moscato*, 98 F.3d at 760).) Thus, review of his habeas claim is barred unless he can demonstrate cause and prejudice for his procedural default. *Moscato*, 98 F.3d at 760-61; *see also Beckford v. Martinez*, 408 F. App'x 518, 520 (3d Cir. 2010) (not precedential) (citing *Moscato*, 98 F.3d at 762).  "By applying the cause and prejudice rule to habeas review of administrative proceedings, we insure that prisoners do not circumvent the appropriate agencies and needlessly swamp the courts with petitions for relief."  98 F.3d at 761. Petitioner's assertion that the DHO report was not delivered to him until April 11, 2013, (and not on March 4, 2013, as indicated by Respondent) (*see* Doc. 28 at 2 (citing Doc. 1 at 22; Doc. 10-2 at 49)) may provide "cause" for his original delayed filing of an appeal of the DHO report to the Regional Office.  However, Petitioner presents no reason why he did not appeal the Regional

Director's response.  Thus, Petitioner has not shown cause for his procedural default.  Absent such a showing, review of the merits of Petitioner's claims is barred.  *Beckford*, 408 F. App'x at 520 (citing *Moscato*, 98 F.3d at 760).

### III. Conclusion

For the reasons discussed above, we adopt Magistrate Judge Mehalchick's Report and Recommendation (Doc. 25), deny the instant 28 U.S.C. § 2241 Petition (Doc. 1), and dismiss this action with prejudice.  An appropriate Order is filed simultaneously with this Memorandum.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: December 19, 2014

12